VILLAGE OF BERRIEN SPRINGS *v.* FERGUSON.

DEDICATION—ACCEPTANCE—VILLAGE PLAT—EVIDENCE.

Where a paper filed with a town plat stated that the side hill
from the river lots up to B. street should remain open and
free for the benefit of the public for the purpose of spring
water, and nothing built thereon which might obstruct the
view of the river from B. street, an intention to dedicate the
side hill to the public appears, and the hill having been cleared
of some of its underbrush at the expense of the village, and it
having been used for private and public picnics and other
public uses, there was an acceptance, irrespective of whether
the plat and dedication were made by proper parties, or
whether they complied with the statute.

Appeal from Berrien; Coolidge, J.    Submitted June
15, 1908.    (Docket No. 98.)    Decided November 2, 1908.

Bill by the village of Berrien Springs and others against
Frank A. Ferguson and others to enjoin the building
upon certain premises claimed as a park.    From a decree
for complainants, defendants appeal.    Affirmed.

*Lawrence C. Fyfe*, for complainants.

*Cady & Andrews* and *George E. Dawson*, for defend-
ants.

MOORE, J.    The St. Joseph river runs from the south
in a northerly direction.    West of the river is the village
of Berrien Springs.    At an early day just west of the
river was a strip of low land; then came a bluff from 40
to 75 feet high.    The side hill was covered with bushes
and trees of various sorts, and in it were several springs.
At the top of the bluff was a comparatively level plateau,
covered with native forest trees.    The first street west of
the river, and running nearly parallel to it, is known as
Bluff street.    Its west line is a straight line.    The street

is of irregular width. The complainants Mahan, Sink, and Benhard are the owners of homes on the west side of

Bluff street. The other complainant is the village of Berrien Springs. The defendants Ferguson and Dear-

born have put up two cottages between Bluff street and the river, which it is claimed obstruct the view of complainants. The other defendant is the owner of a mortgage on this property. The bill is filed upon the theory that defendants had no right to erect the cottages, and to compel their removal.

The original plat of Berrien Springs was made in 1831. It was recorded in Cass county, of which Berrien county was then a part, in August, 1831, and is the only plat of that part of the village of Berrien Springs which has ever been made. The streets shown and named thereon have become the streets of the village. All the deeds which have been made of the lots shown on said plat have referred, in the description of the property conveyed, to said plat. The principal street running east and west located on the plat is known as Ferry street. Then next north comes Mars street, then Madison street, then comes Union street. Attached to the plat, and recorded at the same time, was the following (we quote the words and figures we deem material):

"The streets are running at right angles from the place of beginning, which is at the northeast corner of lot No. 38, running up the river from said beginning south 37 degrees east and down the river north 37 degrees west, except Bluff street from the southeast corner of lot No. 37, which runs north as far as lot numbered 13, which cuts said lot, a small corner off it. Thence near 2 degrees east of north until its termination as lot numbered 1. Also Ferry street from its departure from Mechanic street, which runs north 55 degrees east to the river, the roads are to be taken down from Bluff street to the river, at the places and courses designated by black paint on the plat fifty feet wide. River lots numbered separate from the lots above the bluff. * * *

"Surveyed by Samuel Mars. The side hill from the river lots up to Bluff street is to remain open and free for the benefit of the public for the purpose of spring water, and not anything built thereon that may obstruct the view of the river from Bluff street. The bottom land above the ferry will be laid out similar as it is below, with an alley under the bluff, and nothing built on the side hill to

obstruct the view of the river from the town. There will be on the bottom lots for boat yard and lumber. * * *

"References: 'A,' Fish Market; 'B,' Public Landing. Lot No. 89 is donated to the New Jerusalem Church and for no other denomination of Christians. The size of the lots on the river from Brown and Godfrey's line down the river to the northern line of lot 25 is four perches in front and three perches in the rear. As witness our hands and seals this 3d day of August 1831."

Then come signatures and seals.

"MICHIGAN TERRITORY, ⎱ ss. :
    "Cass County.       ⎰

"Before the subscriber, a justice of the peace for the county of Cass, in the territory aforesaid, came personally Francis B. Murdoch, Pitt Brown and Horace Godfrey, owners and proprietors of the land upon which the town of Berrien according to the annexed map is located, and acknowledges the map and plat aforesaid of said town, with the boundaries, references and grants in the same map to be their free act and deed, and as such desire the same to be recorded according to the act of the legislative council. In witness whereof I have hereunto set my hand and seal at the county aforesaid the 12th day of August, A. D. 1831.

[ Seal.]                               "A. HUSTON,
                               "Justice of the Peace."

Objection was made to the reception of this plat for the following reasons:

"(1) As the deeds and different instruments introduced by the complainant show that Pitt Brown and Horace Godfrey never owned or had any interest in the premises in question, and as the instruments show that at the time of the pretended dedication Francis B. Murdoch was not the owner or proprietor, nor had any interest in the premises in question, we object to the introduction of the plat.

"(2) And, further, for the reason that the plat has only one witness.

"(3) And for the further reason that the plat does not clearly and unequivocally show an intention upon the part of the pretended plattors to make a dedication.

"(4) And for the further reason that there never was any acceptance by the public of the dedication, if there was a dedication.

"(5) And for the further reason that the pretended plat contains provisions which have never been performed or complied with by the public.

"(6) And for the further reason that, if there was ever any intention upon the part of the plattors to dedicate, that intention was revoked and rescinded by the plattors before there was any acceptance by the public."

These reasons, and the further one that defendants obtained title to the lots occupied by them through Mr. Murdoch, which title they claim is good, constitute the claimed defense of defendants.

The case was tried in open court before the circuit judge, who made a decree sustaining the claim of the village in part, and to the effect that defendants have no right to—

" Have any buildings, fences, or erections of any kind or nature whatsoever upon that portion of the village of Berrien Springs, Berrien county, Mich., lying between the north line of Union street and the north line of Mars street if these lines were extended to the river St. Joseph in said village, and between the westerly line of Bluff street and the said river, now or at any time in the future, and they and each of them, and any and all persons claiming, or to claim, from and under them, or either or any of them, are hereby forever permanently enjoined from erecting or maintaining any building or erection of any kind whatsoever upon said premises. The line hereinafter mentioned, and designated as the north line of Mars street extended is used in this decree merely as a convenient boundary line. The use of it as such convenient boundary line shall not limit nor bound, increase nor decrease, the rights of said village, or of any person or persons in the property between Bluff street and the river south of such line."

The defendants have appealed from this decree. The complainants did not appeal. We deem it unnecessary to decide whether the plat and the dedication accompanying it were made by the proper parties, or whether it complied with the statute. It has been acted upon for more than 75 years. It has been constantly referred to in all the

conveyances, and is the only plat of the original village there is.

The only important questions, we think, are whether the plat dedicates to the public that part of the bluff and side hill which is between Bluff street and the river, and whether the public have accepted such dedication. The map which was filed, and the paper attached thereto, indicates an intention to dedicate the land to the public. The evidence is unquestioned that the view from the bluff is fine, and that the side hill contained springs of water. The river runs through a beautiful valley, which is from a mile to a mile and a quarter wide. The testimony is conflicting as to just what was done by the inhabitants and the village. It does show, however, a clearing of some of the land of the underbrush by the village, and at its expense, the use of it for private and public picnics, and other public uses. The case of *Conkling* v. *Village of Mackinaw City*, 120 Mich. 67, contains a very full discussion of the principles which should apply to a case of this character. The facts disclosed by this record bring this case within the *Conkling Case.*

The decree is affirmed.

MONTGOMERY, OSTRANDER, HOOKER, and McALVAY, JJ., concurred.