HOWARD *v*. VILLAGE OF BERRIEN SPRINGS.

1. ADVERSE POSSESSION—DEDICATION TO PUBLIC USE—STATUTE OF LIMITATIONS—MUNICIPAL CORPORATIONS.

Occupation by plaintiff and her predecessors in paper title of land that had been dedicated for public use in 1831 was sufficient to give plaintiff title where occupied in hostility to defendant village for upwards of 15 years previous to effective date of statute excepting municipal corporations from operation of statute of limitations whether the paper title was valid or not in its origin (Act No. 46, Pub. Acts 1907).

2. JUDGMENT—RES JUDICATA—DEDICATION—ADVERSE POSSESSION.

While adjudication that dedication to public use of land in village plat was valid, made in suit by village to enjoin a predecessor of plaintiff from erecting a building on premises involved herein, would bar plaintiff from questioning validity of the dedication, it would not bar a showing of adverse possession by plaintiff especially where village did not take possession of premises under such previous adjudication but continued to collect taxes and did not disturb plaintiff and her predecessors in their possession and acts of ownership.

3. ADVERSE POSSESSION—CLAIM OF TITLE ESSENTIAL BUT NOT NECESSARY THAT CLAIMANT HAVE ANY TITLE.

Claim of title or claim of right is essential to adverse possession, but it is not necessary that an adverse claimant should believe in his title, or that he should have any title.

4. SAME—MAY BE ASSERTED BY ACTS OF OWNERSHIP.

If one goes into possession without any claim of title, his possession does not become adverse until he asserts one, and he may assert it by openly exercising acts of ownership, with the intention of holding the property as his own to the exclusion of all others.

5. QUIETING TITLE—DEDICATION TO PUBLIC USE—ADVERSE POSSESSION—EVIDENCE.
    In suit to quiet title in plaintiff of land that had been dedicated to public use in original village plat in 1831, plaintiff was entitled to decree quieting title in her as to any claim of defendant village in the premises, where she and her predecessors in title have occupied the premises since 1883 by actual, continued, visible, notorious, distinct and hostile possession (Act No. 46, Pub. Acts 1907).

Appeal from Berrien; Sample (George W.), J., presiding. Submitted May 4, 1945. (Docket No. 84, Calendar No. 42,417.) Decided June 4, 1945.

Bill by Mary B. Howard against Village of Berrien Springs to quiet title to real estate. Decree for defendant. Plaintiff appeals. Reversed and decree entered for plaintiff.

*Rolland E. Barr,* for plaintiff.

*Robert P. Small,* for defendant.

WIEST, J. The original plat of the village of Berrien, now village of Berrien Springs, executed and recorded in 1831, dedicated certain land "to remain open and free for the benefit of the public."

Plaintiff claims title to a part of such land by adverse possession thereof by her and her predecessors in paper title in its use and occupation and filed the bill herein to quiet title in her as against the village. Upon hearing, the bill was dismissed. Plaintiff reviews by appeal.

Defendant submitted the case on plaintiff's proofs. Such proofs showed that plaintiff and her predecessors in the chain of paper title occupied the premises for upward of 30 years, claiming title and exercising acts of ownership thereover to the extent of common repute in the vicinity. This ap-

pears by the testimony of old residents. It is of no moment whether plaintiff's chain of paper title, originating upward of 100 years ago, was valid or not in origin if subsequent vendees thereunder occupied the premises in hostility to defendant's rights for upwards of 15 years previous to the effective date of Act No. 46, Pub. Acts 1907 (See 3 Comp. Laws 1929, § 13964 [Stat. Ann. § 27.593]).

Defendant calls our attention to the case of *Village of Berrien Springs* v. *Ferguson,* 154 Mich. 472, and thinks it decisive of issues in this case. That was a bill by the village to enjoin Frank A. Ferguson from building upon the premises, dedicated in the recorded plat to the public, and involved validity of the dedication. By enjoining such building this court held the plat dedication valid. That holding bars plaintiff herein from questioning the plat dedication title of the village but is no bar to showing of adverse possession by plaintiff.

An old resident who lived next to the property testified that the property in suit had been occupied as a place of residence continuously by parties he named for the last 50 to 60 years "because buying the property everybody wanted to live there." Another witness testified that from 1883, Mr. David Ferguson lived there, and the residence on the property has been continuously used as such since that time.

It is undisputed that instead of seeking to take possession of the premises here in question under the decision in the *Ferguson Case,* the village continued to collect taxes on the premises and did not disturb plaintiff and her predecessors in their possession and acts of ownership.

We said in *Smith* v. *Feneley,* 240 Mich. 439:

"Claim of title or claim of right is essential to adverse possession, but it is not necessary that an

adverse claimant should believe in his title, or that he should have any title. He may have no shadow of title and be fully aware of that fact, but he must claim title. He may go into possession without any claim of title, but his possession does not become adverse until he asserts one; and he may assert it by openly exercising acts of ownership, with the intention of holding the property as his own to the exclusion of all others.''

It appears from the evidence that the adverse possession by plaintiff and her predecessors in title was actual, continued, visible, notorious, distinct and hostile. Under the record plaintiff has a right to have her title quieted as to any claim of defendant village in the premises.

The decree in the circuit court is reversed and a decree will be entered in this court in accordance with this opinion, with costs of both courts to plaintiff.

STARR, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.