GRAND HAVEN TOWNSHIP *v.* CITY OF GRAND HAVEN

1. MUNICIPAL CORPORATIONS—ANNEXATION—ADJACENT TERRITORY—RESOLUTION.

A city may annex territory which is adjacent to it solely by resolution where it consists of a park or vacant property owned by the city and has no one residing on it (MCLA § 117.9).

2. APPEAL AND ERROR—PRESERVING QUESTION.

The Court of Appeals is not obliged to consider questions neither raised nor passed upon by the trial court.

3. APPEAL AND ERROR—PRESERVING QUESTION—ISSUES ON APPEAL.

The Court of Appeals declines to rule on plaintiff's arguments on appeal that defendant's annexation of a parcel of land 330 feet wide and one-half mile long containing no services was merely a corridor to land now sought to be annexed, and that the property now sought to be annexed and claimed to be a park will eventually be used as a sewage disposal site, where the issue was not raised in the trial court and thus has not been preserved for appeal.

4. JUDGMENT—SUMMARY JUDGMENT—QUESTION OF LAW—SUBMISSION OF QUESTION.

No issue of fact concerning the status of a park was raised where both parties submitted the issue of whether an "airpark" was a park within the meaning of a statute to the court as a question of law on a motion for summary judgment.

5. PUBLIC LANDS—AIRPARK—PARK—DEFINITION.

Decision by the trial court that an "airpark" is a park in the ordinary meaning of that word as used in annexation statute

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  56 Am Jur 2d, Municipal Corporations § 70 *et seq.*
[2, 3]  5 Am Jur 2d, Appeal and Error § 545.
[4]  53 Am Jur, Trial § 253.
[5]  39 Am Jur, Parks, Squares, and Playgrounds § 2.

was not clearly erroneous where affidavits and testimony on a motion for summary judgment showed that the airpark is used principally by those owning or using airplanes, charter flights are available to the public, no charge is made for using airstrips, the only charge is for hangar space, gasoline and oil sold on the property by a licensee, there is a playground in the airpark for children, and the airpark is not operated for profit (MCLA § 117.9).

Appeal from Ottawa, Raymond L. Smith, J. Submitted Division 3 April 2, 1971, at Grand Rapids. (Docket No. 10053.) Decided May 20, 1971. Leave to appeal granted and remanded to the Court of Appeals for reconsideration, 385 Mich 754. Opinion on remand, 38 Mich App 122.

Complaint by Grand Haven Township against the City of Grand Haven for an injunction to prevent the City of Grand Haven from annexing a parcel of land in Grand Haven Township. Summary judgment for the defendant. Plaintiff appeals. Affirmed.

*James W. Bussard,* for plaintiff.

*Scholten & Fant* (by *R. Neal Stanton*), for defendant.

Before: HOLBROOK, P. J., and BRONSON and O'HARA,* JJ.

HOLBROOK, P. J.  The City of Grand Haven, Michigan, by resolution, annexed two parcels of land located in Grand Haven Township. The city owns both parcel "A" and parcel "B" which are allegedly contiguous to the city. Parcel "B" is occupied by the city as the Grand Haven Memorial Airpark.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6 § 23 as amended in 1968.

The city annexed the land under authority of MCLA § 117.9 (Stat Ann 1971 Cum Supp § 5.2088). The applicable portion of the statute reads as follows:

"Where the territory proposed to be annexed to any city is *adjacent* to said city and consists of a *park or vacant property* located in a township and owned by the city annexing the same, and there is no one residing thereon, such territory may be annexed to said city solely by resolution of the city council of said city * * * ." (Emphasis supplied.)

Grand Haven Township objected to the annexation and instituted this action to avoid the land being transferred to the City of Grand Haven.

The defendant, City of Grand Haven, filed a motion for summary judgment. Affidavits were filed and testimony taken at the hearing on the motion. The parties submitted briefs and presented oral argument. The circuit court held:

"The land in question has the usual appurtenances necessary for the operation of a municipal airport. It is open to the public for recreational use pertaining to the use of private planes. It is not operated for profit. * * *

"No one resides on this city-owned property lying adjacent to the city and since it is not vacant property in any usual sense of the meaning of the word vacant it would appear that the real issue for the court's determination is whether this property is a park within the usual meaning of that word.

"There are ball parks, amusement parks, botanical parks, air parks, boat parks, camping parks and others too numerous to mention. It is the opinion of the court that the language of the above statute states that vacant land may be annexed but if the land is used as a park it may be annexed even

though not vacant. This municipal, recreational facility fits the definition of a park within the language of *Clark* v. *City of Grand Rapids* [1952], 334 Mich 646. We do not have to depart from the ordinary meaning of the word to apply it to this situation.

"The court finds the annexation to be legal."

Plaintiff filed a motion for new trial and the trial court in denying plaintiff's motion again found that the property was not vacant, but that the property was a park and subject to annexation under the statute.

In appealing the court's summary judgment for defendant, three questions are presented:

(1) May a city purchase a narrow parcel of property (parcel "A") as a corridor to annex a larger parcel owned by the city and used as a municipal airport?

(2) Does the law permit annexation to a city of a parcel (parcel "B") in an adjoining municipality without regard to its shape or voting consequences?

(3) Is the Grand Haven Memorial Airpark a park within the provisions of the statute, MCLA § 117.9 (Stat Ann 1971 Cum Supp § 5.2088)?

## I

Grand Haven purchased parcel "A", a narrow 1/2-mile connecting corridor 330 feet wide for 1/4-mile and 660 feet for the balance of the corridor to the city-owned airport in Grand Haven Township. The thrust of plaintiff's entire case concerns the city's annexation of parcel "B", the airport. The trial court was not specifically requested to rule on the legality of the parcel "A" annexation.

As an issue, the annexation of parcel "A" is contested for the first time on appeal. "We are not

obliged to consider questions neither raised nor passed upon by the trial court." *Lieberman* v. *Solomon* (1970), 24 Mich App 495, 500; see *Haggerty* v. *MacGregor* (1968), 9 Mich App 671; *Huhn* v. *Davis* (1969), 18 Mich App 440, 449.

## II

In *Township of Owosso* v. *City of Owosso* (1970), 25 Mich App 460, a narrow strip of land was purchased for the purpose of connecting with a 240-acre irregular parcel of land owned by the city. The Court held at pp 467, 468:

"We consider that included in the requirement of contiguity are the elements of reasonable compactness and regularity of boundary so as to insure that the annexed and annexing territories become an unbroken mass which can function effectively as a single unit rather than as an armed monster with only minimally-connected appendages.

"We hold that the parcel as outlined in the petition for annexation here lacks the contiguity and compactness necessary to the efficient and effective operation of municipal services as a result of the gerrymandering which also denied some 160 qualified voters an effective voice in the annexation proposal."

Plaintiff contends parcel "A" contains no services and, as in *Owosso,* is merely a corridor to parcel "B". Plaintiff further asserts that parcel "B" has some 30 sides and the map itself suggests that the only purpose was to gerrymander; therefore, annexation is illegal under the *Owosso* decision. One of plaintiff's objections to the annexation of parcel "B" to the City of Grand Haven is based upon the fear of the township that this property which is claimed to be a park will be eventually used as a

sewage disposal site. The cities of Grand Haven and Spring Lake have combined in the establishment of a building authority for the purpose of constructing and maintaining a sewage disposal plant. The zoning laws of the township now forbid the use of parcel "B" for sewage disposal.

Defendant contends that the *Owosso* case concerns itself with the intentional manipulation of boundaries for the express purpose of excluding voters. Parcel "A" is adjacent to its boundaries, is unimproved and contains no electors, and it was necessary to purchase this land to service utilities. Parcel "B" was purchased as the lots and acreage became available. Defendant maintains that giving meaningful effect to MCLA § 117.9 (Stat Ann 1971 Cum Supp § 5.2088) allows a municipality to annex lands owned by itself and upon which no electors reside, regardless of the fact that it is not rectangular, so long as the land is adjacent and either constitutes "vacant lands" or a "park".

The gerrymandering issue so disturbing to the *Owosso* Court is absent in the instant case. There is nothing in the pleadings or in the record that indicates qualified voters were affected by the annexation of either parcel, nor was there an allegation in the pleadings or showing that there was a scheme or plan to exclude voter's rights. Additionally, parcel "A", besides being a land connection to parcel "B", was allegedly needed to service air park utilities on the north end of the property.

We decline to rule on this issue for the reason that it was not properly submitted to or passed upon by the trial court.

## III

Plaintiff questions whether the airport is a park within the usual meaning of the word. 31 Words

and Phrases, pp 137–147, uses and approves the definition used in *Clark* v. *City of Grand Rapids* (1952), 334 Mich 646, 658:

"A park may be a woodland preserve as well as a landscaped playground. To quote a few of the definitions of 'park' from Black's Law Dictionary (3d ed), at p 1325:

" 'A pleasure ground for the recreation of the public to promote its health and enjoyment. * * * A piece of ground enclosed for purposes of pleasure, exercise, amusement, or ornament. * * * A place for the resort of the public for recreation, air and light; a place open for everyone.' "

The trial court dismissed plaintiff's complaint under the provisions of GCR 1963, 117.2(3), *i.e.,* "there is no genuine issue as to any material fact". It is true that the parties and the court determined that only issues of law were involved, and the summary judgment was granted on that basis.

The courts of our state are guided in construing statutes by the rules set forth in MCLA §§ 8.3 and 8.3a (Stat Ann 1969 Rev §§ 2.212 and 2.212[1]), which are as follows:

"Sec. 3. In the construction of the statutes of this state, the rules stated in sections 3a to 3w shall be observed, unless such construction would be inconsistent with the manifest intent of the legislature.

* * *

"Sec. 3a. All words and phrases shall be construed and understood according to the common and approved usage of the language; but technical words and phrases, and such as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning."

The testimony produced and the affidavits filed show that the "airpark" is used principally by those owning or using airplanes; that charter flights are available to the public and no charge is made for those using the airstrips. There is a charge for the use of the hangers which is collected by the City of Grand Haven from those storing their planes therein. Also, servicing the planes by selling gasoline and oil is conducted on the property by a licensee of the city. There is a playground area in the airpark for children. The airpark is not operated for profit.

In 46 CJ, Park, § 2, pp 1373, 1374, it is stated:

"While, in its ordinary and natural meaning in common parlance, the term may, both in this country and in England, be applied to private lands that have been inclosed as well as to lands that have been devoted to the recreation and enjoyment of the public, in its modern use, especially in this country, where its meaning is to be determined by the circumstances connected with its use, the term, as ordinarily used, has been variously defined as meaning a detached tract of land, generally of quite sizable proportions, devoted to purposes of ornamentation and recreation; an extensive area of land devoted exclusively to the use of the public and to be ornamented and embellished; an open or inclosed tract of land for the comfort and enjoyment of the inhabitants of the city or town in which it is located; an open space intended for the recreation and enjoyment of the public; any piece of public ground, generally in or near a large town, laid out and cultivated for the sole purpose of pleasure or recreation, without any regard to the size of the ground or the style of the arrangement; a piece of ground adapted and set aside for purposes of ornament, exercise, or amusement; a piece of ground inclosed for public recreation or amusement; a piece of

ground of any size, in or close to a town, and opened to the public for the purposes of recreation, pleasure, or exercise, subject to the regulation of the local authorities; a piece of ground set apart and maintained for public use, and laid out in such a way as to afford pleasure to the eye as well as opportunity for open air recreation; a piece of ground within a city or town inclosed and kept for ornament and recreation; a place for the resort of the public for recreation, air, and light; a place set apart for the enjoyment, comfort, and recreation of the inhabitants of the city or town in which it is located; a place to be kept opened and ornamented for public uses, which may include anything conducing to the public pleasure, amusement, recreation, or health; a pleasure ground in or near a city set apart for the recreation of the public; a plot of ground in a city or town, set apart for ornament; a public pleasure ground; a tract of land set apart for ornament, or to afford the benefit of air, exercise, or amusement. The term has been held to include a *grove and a public golf course, but not a game and fish preserve, a playground and athletic field, or a tourist camp."* (Emphasis supplied.)

Also see, 67 CJS, Park, pp 859–867.

Plaintiff-appellant did not raise the issue in the trial court of whether there was a fact question concerning the status of the park in question. Both parties submitted the issue as one of law for the trial court's determination on the defendant's motion for summary judgment. We cannot say that the decision of the trial court was clearly erroneous. GCR 1963, 517.1.

Affirmed. No costs, a public question being involved.

All concurred.