GRAND HAVEN TOWNSHIP v GRAND HAVEN

1. MUNICIPAL CORPORATIONS — ANNEXATION — "CONTIGUOUS" — "ADJACENT".

   The words "adjacent" and "contiguous" are interchangeable in cases involving the construction of the judicial requirement of contiguity in municipal annexation.

2. STIPULATIONS OF FACT.

   Stipulations of fact which are received and approved by the court cannot thereafter be altered by the trier of fact.

3. TRIAL—STIPULATION—NONJUSTICIABLE ISSUE.

   Contiguity of land annexed by defendant city was not justiciable after the parties stipulated that the lands annexed were adjacent to the defendant and the stipulation was accepted by the trial judge.

4. MUNICIPAL CORPORATIONS—ANNEXATION—STATUTES.

   The trial judge correctly determined that the defendant city could annex adjacent property because it was a "park", as that term is used in the statute making municipal annexation permissible if the involved property is "vacant" *or* a "park", even where he found the property was not "vacant" within the meaning of the statute (MCLA 117.9).

Appeal from Ottawa, Raymond L. Smith, J. Submitted Division 3 April 2, 1971, at Grand Rapids. (Docket No. 10053.) Decided May 20, 1971, 33 Mich App 634. Leave to appeal granted and case re-

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 69.
[2] 61 Am Jur 2d, Pleading § 392.
[4] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 67, 68.

manded to Court of Appeals for reconsideration September 30, 1971. 386 Mich 754. Decided January 24, 1972. Leave to appeal granted, 387 Mich 770.

Complaint by Grand Haven Township against the City of Grand Haven for an injunction to prevent the defendant from annexing a parcel of land in Grand Haven Township. Summary judgment for defendant. Plaintiff appealed. Affirmed. Plaintiff appealed to the Supreme Court. Remanded for reconsideration. Previous decision of the Court of Appeals affirmed.

*James W. Bussard (Bauckham, Reed & Lang,* of *counsel),* for plaintiff.

*Scholten & Fant* (by *R. Neal Stanton*), for defendant.

Before: HOLBROOK, P. J., and BRONSON and O'HARA,* JJ.

PER CURIAM. This case was remanded to us by order of the Supreme Court without opinion for our reconsideration in light of *Township of Owosso* v *City of Owosso,* 385 Mich 587 (1971).

We read the order of remand to mean that if we find *Owosso* controls, we are obligated to reverse ourselves and the trial court and direct the entry of an order denying annexation.

We read it to mean also that if an issue pleaded or unpleaded is essential to decision and has not been passed upon, we must remand with directions to the

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

court requiring joining of that issue and making disposition thereof.

We think a third option is available to us. If, on reconsideration, we find *Owosso* does not control, we may distinguish it so that any apparent conflict between our holding here and that of the Supreme Court in *Owosso* be eliminated.

We have addressed ourselves assiduously to the record in this case. We have studied *Owosso* with care. We have reconsidered our own holding. We think *Owosso* is clearly distinguishable for the following reasons: First, the opening statement in *Owosso* by the Supreme Court is (p 588):

"This case involves the construction of the judicial requirement of 'contiguity' in municipal annexation."

In the case at bar, the following excerpt from the order granting summary judgment appears:

"And the parties by their respective counsel of record having stipulated to the following facts as having existed at the time of the annexation: * * * the lands annexed * * * *were owned by* and *adjacent* to the Defendant; * * * ." (Emphasis supplied.)

*Owosso* makes clear, p 591, that "adjacent" and "contiguous" may be, and are, used interchangeably. Thus, the issue of contiguity was stipulated out of this case. The stipulation having been received and approved by the trial judge, "contiguity" was not justiciable. The stipulation could have been rejected by the trial judge in the first place, of course, but having been accepted and the litigation having proceeded upon that acceptance, the stipulation of fact became sacrosanct and the trial judge was powerless to make a finding to the contrary.

"To the *bench,* the bar, and administrative agencies, be it known herefrom that the practice of submission of questions to *any* adjudicating forum, judicial or quasi-judicial on stipulation of fact, is praiseworthy in proper cases. It eliminates costly and time-consuming hearings. It narrows and delineates issues. But once stipulations have been received and approved they are sacrosanct. Neither a hearing officer nor a *judge* may thereafter alter them." *Dana Corp* v *Employment Security Commission,* 371 Mich 107, 110 (1963). (Emphasis supplied.)

Hence, what the Supreme Court said was involved in *Owosso* is not involved here.

Second, this case was not the annexation of land owned by the plaintiff township and a part of its governmental territory. The defendant City of Grand Haven already owned it and was operating an airpark on it. Manifestly, this was not a city gobbling up territory of a township. The admitted hodgepodge boundary lines of the park did not come about by design in any effort to gerrymander and disenfranchise voters. The boundaries are explicable by the fact that the city bought the property involved parcel by parcel as it became available on the public market.

Third, disenfranchisement or gerrymandering could not possibly be involved here because the stipulation hereinbefore mentioned also recited "no person or persons resided thereon [the annexed property]".

The only pleaded issue in the case was whether the property was or was not "vacant", within the meaning of the statute. MCLA 117.9; MSA 5.2088. The trial judge held it was not. Then, however, he found as a matter of fact, clearly and unequivocally, that

it was a "park", as that term is used in the statute. We quote:

"The court based its opinion and judgment on its finding that the property was a park."

The statute was pleaded affirmatively. The court made a finding thereunder. The statute makes annexation permissible if the involved property is "vacant" *or* a "park".

We believe we have already shown the judicial imposition of the requirement of "contiguity" is not here involved.

Hence, we hold that *Owosso* is inapposite. For the reasons herein set forth, we affirm our previous decision.[1]

---

[1] 33 Mich App 634 (1971).