GRAND HAVEN TOWNSHIP v CITY OF GRAND HAVEN

1. MUNICIPAL CORPORATIONS—ANNEXATION—"CONTIGUOUS"—"ADJACENT".

    The words "adjacent" and "contiguous" are interchangeable in cases involving the construction of the judicial requirement of contiguity in municipal annexation.

2. STIPULATIONS—STIPULATIONS OF FACT.

    Stipulations of fact which are received and approved by the court cannot thereafter be altered by the trier of fact.

3. TRIAL—STIPULATIONS—NONJUSTICIABLE ISSUE.

    Contiguity of land annexed by defendant city was not justiciable after the parties stipulated that the lands annexed were adjacent to the defendant and the stipulation was accepted by the trial judge.

4. MUNICIPAL CORPORATIONS—TOWNSHIPS—ANNEXATION—STATUTES—COURT RULES—SUMMARY JUDGMENT—QUESTION OF LAW—APPEAL AND ERROR.

    The Michigan Court of Appeals properly held that it cannot say that the decision of the trial court was clearly erroneous that an "airpark" is a park in the ordinary meaning of that word within the provisions of a statute providing for annexation by a city of territory adjacent to the city and consisting of a park located in a township and owned by that city where plaintiff township did not raise the issue in the trial court of whether there was a fact question concerning the status of an airpark and both parties submitted the issue as one of law for the trial court's determination on the city's motion for summary judgment (MCLA 117.9; GCR 1963, 517.1).

REFERENCES FOR POINTS IN HEADNOTES
[1, 4, 5] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 67, 69.
[2] 50 Am Jur, Stipulations §§ 9, 10.
[3] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 378, 871.

5. MUNICIPAL CORPORATIONS—ANNEXATION—STATUTES.

    The trial judge correctly determined that the defendant city
      could annex adjacent property because it was a "park", as that
      term is used in the statute making municipal annexation
      permissible if the involved property is "vacant" or a "park",
      even where he found the property was not "vacant" within the
      meaning of the statute (MCLA 117.9).

Appeal from Court of Appeals, Division 3, Holbrook, P. J., and Bronson and O'Hara, JJ., affirming Ottawa Raymond L. Smith, J. Submitted November 10, 1972. (No. 6 November Term 1972, Docket No. 53,486.) Decided May 25, 1973.

38 Mich App 122 affirmed.

Complaint by Grand Haven Township against the City of Grand Haven for an injunction to prevent defendant from annexing a parcel of land in Grand Haven Township. Summary judgment for defendant. Plaintiff appealed to the Court of Appeals. Affirmed. Plaintiff appealed to the Supreme Court. Remanded to Court of Appeals for reconsideration. Affirmed. Plaintiff appeals. Affirmed

*Bauckham, Reed & Lang* and *James W. Bussard,* for plaintiff.

*Scholten & Fant* (by *R. Neal Stanton),* for defendant.

PER CURIAM *(for affirmance).* This matter was first before this Court on appeal from the Court of Appeals' original decision reported in 33 Mich App 634 (1971). This Court granted leave to appeal and remanded to the Court of Appeals for reconsideration in light of the decision in *Owosso Twp v City of Owosso,* 385 Mich 587 (1971). 386 Mich 754.

The Court of Appeals on remand correctly distinguished *Owosso* on the finding that plaintiff had

stipulated that " 'the lands annexed * * * *were owned by* and *adjacent* to the Defendant' (Emphasis supplied.)", which was the critical issue in *Owosso.* 38 Mich App 122, 124 (1972).

We therefore adopt the Court of Appeals opinions in 33 Mich App 634 and 38 Mich App 122.

Affirmed without costs, a public question.

T. M. KAVANAGH, C. J., and T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, and WILLIAMS, JJ., concurred.

LEVIN and M. S. COLEMAN, JJ., did not sit in this case.