HILL v HOUGHTON TOWNSHIP

Docket No. 49589. Submitted May 12, 1981, at Marquette.—Decided
    September 21, 1981.

    Raymond W. Hill brought an action against Houghton Township
    and the County of Keweenaw to quiet title to certain real
    property, claiming title by adverse possession. Defendants
    moved for summary and/or accelerated judgment on the
    ground that a claim of adverse possession cannot be asserted
    against a governmental entity. Keweenaw Circuit Court, Ste-
    phen D. Condon, J., granted defendants' motion. Plaintiff ap-
    peals. *Held:*

    1. The trial court erred in granting defendants' motion. The
    plaintiff alleged privity with his predecessors in title and that
    the adverse possession occurred prior to the enactment of the
    statute affording immunity to governmental entities. The plain-
    tiff's complaint stated a valid cause of action.

    2. The trial court erred in holding that it lacked jurisdiction
    to hear the case on the ground that the plaintiff failed to
    comply with the requirements of the Michigan Plat Act. The
    plaintiff did not invoke the act and therefore was not required
    to comply with its requirements.

    Reversed and remanded.

1. JUDGMENTS — SUMMARY JUDGMENT — APPEAL — COURT RULES.

    The Court of Appeals, in reviewing a grant of summary judgment
    for failure to state a claim upon which relief can be granted,
    assumes that the factual allegations in the nonmovant's com-
    plaint are true and then determines whether the claim, on the
    pleadings, is so clearly unenforceable as a matter of law that
    no factual development would permit recovery (GCR 1963,
    117.2[1]).

REFERENCES IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 876.
    61A Am Jur 2d, Pleading §§ 71 *et seq.,* 226.
[2] 3 Am Jur 2d, Adverse Possession § 139.
    73 Am Jur 2d, Statutes § 347 *et seq.*
    Acquisition of title to land by adverse possession by state or other
    governmental unit or agency. 18 ALR3d 678.

2. ADVERSE POSSESSION — GOVERNMENTAL IMMUNITY — STATUTES.
    Generally, a claim of adverse possession may not be made against
    a governmental entity absent statutory authority; however,
    where the complaint specifically alleges that the adverse pos-
    session occurred prior to the enactment of the governmental
    immunity statute and the claimant asserts privity of title, it
    states a valid cause of action (1907 PA 46, MCL 600.2932; MSA
    27A.2932).

*Tercha & Daavettila,* for plaintiff.

*Paul J. Tomasi,* for Keweenaw County.

Before: D. E. HOLBROOK, JR., P.J., and M. F. CAV-
ANAGH and BEASLEY, JJ.

BEASLEY, J. Plaintiff, Raymond W. Hill, filed a
complaint, pursuant to MCL 600.2932; MSA
27A.2932, to quiet title to property located in the
Township of Houghton, County of Keweenaw,
naming the township and county as defendants.
Plaintiff claimed title through adverse possession
and alleged that his predecessors had openly, noto-
riously, continuously, and with a claim of right
possessed the disputed property in excess of 90
years.

The property in question was located within a
block designated as a "public square" in the plat,
recorded in 1855, of the Village of Eagle River.
Following hearings, the trial court granted defen-
dants' motion for summary judgment pursuant to
GCR 1963, 117.2(1), stating:

"The Court is of the opinion that the plaintiff's claim
of title under the Michigan Marketable Title Act is
excepted by that Act, being Section 4 of the act, and
also plaintiff's claim under the theory of adverse posses-
sion is not applicable to property owned by a municipal-
ity.

* * *

"The Court is also of the opinion that plaintiff's suit to quiet title, although it does not state in so many words, is an attempt to amend a duly recorded plat and fails to comply with the requirements of the Michigan Plat Act * * *."

In reviewing a grant of summary judgment under GCR 1963, 117.2(1), this Court assumes that the factual allegations in a plaintiff's complaint are true and, then, determines whether the plaintiff's claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can permit recovery.[1]

The general rule is that an adverse possession claim may not be made against a governmental entity, except where there is statutory authority.[2] Plaintiff does not dispute this general rule, but rather, suggests that the rule is the product of certain statutes first enacted in 1907. Since plaintiff alleged that his predecessors in title had been in open, notorious, and exclusive possession for 15 years prior to 1907, plaintiff argues that a proper adverse possession claim was asserted. Historical review of the applicable statutes indicates that plaintiff's contention is correct.

In *Pastorino v Detroit*,[3] the Supreme Court noted that the "immunity" of governmental entities from adverse possession claims was first established in this state by 1907 PA 46. The Court noted that prior to the enactment of this statute, Michigan followed the minority position that ad-

[1] *Rubino v City of Sterling Heights,* 94 Mich App 494, 497; 290 NW2d 43 (1979).

[2] *Caywood v Dep't of Natural Resources,* 71 Mich App 322, 327-328; 248 NW2d 253 (1976).

[3] 182 Mich 5; 148 NW 231 (1914).

verse possession could be established against a municipal entity.[4]

The Supreme Court agin considered a municipal corporation's "immunity" against adverse possession claims in *Howard v Village of Berrien Springs*.[5] In *Howard,* the original plat of the Village of Berrien Springs dedicated certain land "to remain open and free for the benefit of the public". The plaintiff in *Howard* claimed title to a portion of this land through adverse possession by herself and her predecessors in title. She brought a bill to quiet title in her favor, which bill was dismissed by the trial court. The Supreme Court reversed the trial court by finding that plaintiff was successful in establishing adverse possession 15 years before the effective date of 1907 PA 46. The Supreme Court concluded:

"It appears from the evidence that the adverse possession by plaintiff and her predecessors in title was actual, continued, visible, notorious, distinct and hostile. Under the record plaintiff has a right to have her title quieted as to any claim of defendant village in the premises."[6]

We find the *Howard* decision controlling in the case at bar and conclude that the lower court erred in granting defendants' motion for summary judgment. Plaintiff's amended complaint made an adverse possession claim and specifically alleged that he was in privity with his predecessors in title. A private party can maintain a successful adverse possession case against a municipal entity if the adverse possession took place prior to 1907.

[4] See, 1907 PA 46, 1915 PA 314, CL 1948, § 609.1, MCL 600.5821; MSA 27A.5821.

[5] 311 Mich 567, 568; 19 NW2d 101 (1945).

[6] *Howard, supra,* 570.

We additionally note that defendants were not entitled to an accelerated judgment pursuant to GCR 1963, 116.1(1). The trial court ruled, in the alternative, that it lacked jurisdiction since plaintiff had failed to comply with the requirements of the Michigan Plat Act.[7] Plaintiff's complaint did not invoke the Plat Act and plaintiff, therefore, was not required to comply with any of the act's prerequisites before bringing suit.

In so holding, we do not intend to preclude defendants from asserting, as an affirmative defense, alleged application of and noncompliance with the Michigan Subdivision Control Act of 1967[8] and, particularly, §§ 221-228.[9]

Defendants also argued that, in his complaint, plaintiff made indirect reference to the marketable record title act[10] by asserting a chain-of-title extending over 40 years. Then defendants asserted, as an affirmative defense, that the marketable record title act was, by its terms, inapplicable to them.[11]

As indicated, in granting defendants' motion for summary judgment and/or accelerated judgment, the trial court stated that it did not believe that the marketable record title act applied to governmental agencies such as these defendants. While we agree that the marketable record title statute does not affect rights in land of either the federal government, the state government, or their respective agencies, we do not believe that the marketable record title act was intended to preclude successful assertion of a claim based on adverse

---

[7] MCL 560.101 et seq.; MSA 26.430(101) et seq. (Now referred to as the Michigan Subdivision Control Act of 1967.)

[8] Id.

[9] MCL 560.221-560.228; MSA 26.430(221)-26.430(228).

[10] MCL 565.101 et seq.; MSA 26.1271 et seq.

[11] MCL 565.104; MSA 26.1274.

possession.[12] Our holding on appeal is not based upon the applicability or inapplicability of the marketable record title act.

In summary, we reverse the award of summary judgment and/or accelerated judgment to defendants and remand this case for trial on the merits consistent with this opinion.

Reversed and remanded.

---

[12] "The act makes it clear that it works no changes in the application and operation of legal principles as to recording, *adverse possession,* prescription, etc., in so far as events and transactions during the forty-year period are concerned." (Emphasis added.) Aigler, *Clearance of Land Titles—A Statutory Step,* 44 Mich L Rev 45, 54 (1945).