WAISANEN v SUPERIOR TOWNSHIP

Docket No. 311200. Submitted May 13, 2014, at Marquette. Decided
     June 24, 2014, at 9:10 a.m.

   Kenneth A. Waisanen, as trustee of the Waisanen Family Trust,
       brought an action in the Chippewa Circuit Court against Superior
       Township. Defendant had a conducted survey that revealed that a
       portion of plaintiff's property encroached on First Street, a lake-
       access roadway dedicated to public use. Plaintiff sought to quiet
       title to the encroaching portion. Defendant counterclaimed for
       possession of that same portion of First Street. The court, Nicholas
       J. Lambros, J., granted plaintiff's request to quiet title in his favor,
       concluding that plaintiff had established the elements of adverse
       possession or, in the alternative, that plaintiff had acquired title
       through acquiescence. Defendant appealed. Following Kenneth
       Waisanen's death, John Waisanen, the successor trustee, was
       substituted as the plaintiff in the action.

       The Court of Appeals *held*:

       1. MCL 600.5821(2) provides that an action brought by a
       municipal corporation to recover possession of a public highway,
       street, alley, or any other public ground is not subject to the
       periods of limitations provided by statute. At issue in this case was
       whether MCL 600.5821(2) bars a party's claims when the plaintiff
       has brought a claim to quiet title and the defendant municipality
       has counterclaimed for possession of the property. In *Mason v City
       of Menominee*, 282 Mich App 525 (2009), the Court of Appeals held
       that MCL 600.5821(2) did not bar an acquiescence claim when the
       party seeking possession filed the action and the action conse-
       quently had not been brought by the defendant municipality. The
       holding in *Mason* applies equally to adverse possession claims and
       claims for acquiescence. Both adverse possession claims and ac-
       quiescence claims seek title to disputed property by virtue of
       possession, and both involve a limitations period. Therefore, MCL
       600.5821(2) does not bar claims for either adverse possession or
       acquiescence unless they occur in an action brought by a municipal
       corporation for recovery of the possession of property.

       2. Defendant argued that the case was an action brought by
       a municipal corporation for recovery of public grounds under

MCL 600.5821(2) because it brought a counterclaim for possession of the property. Under MCR 2.101(A) and (B), however, there is one form of action in Michigan, known as a "civil action," which is commenced by filing a complaint with a court. Therefore, MCL 600.5821(2) does not provide protection for a municipal corporation that has merely counterclaimed for possession in an existing action rather than bringing an action of its own. The trial court did not err by failing to apply MCL 600.5821(2) to plaintiff's claims.

3. A claim of adverse possession requires clear and cogent proof that possession of the disputed property has been actual, visible, open, notorious, exclusive, continuous, and uninterrupted for the statutory period, which under MCL 600.5801(4) is 15 years. The use of the property must be hostile, that is, without permission and in a manner that is inconsistent with the rights of the true owner. What acts or uses are sufficient to constitute adverse possession depends on the facts in each case and to a large extent on the character of the premises. The trial court did not err by concluding that the elements of adverse possession were established. Although there was some testimony with regard to the exclusivity element indicating that members of the public had occasionally used part of the area to access the beach and a state park, occasional trespasses do not suffice to defeat a claim of exclusivity. The record otherwise supported the trial court's conclusion that plaintiff's possession of the disputed property was visible, open, notorious, exclusive, continuous, and uninterrupted for the statutory period.

4. There are three theories of acquiescence in boundary lines: (1) acquiescence for the statutory period, (2) acquiescence following a dispute and agreement, and (3) acquiescence arising from an intention to deed to a marked boundary. Plaintiff relied on the first theory, acquiescence for the statutory period. A boundary line long treated and acquiesced in as the true line should not be disturbed by a new survey. The record supported the inference that both plaintiff and defendant believed, at least before the survey, that the existing breakwater ran along the western border of the property and that the addition to the house built in 1981 was entirely inside the property's boundaries. Given defendant's active and passive acquiescence to the use made by the Waisanen family for a period well in excess of 15 years, the trial court did not err by granting plaintiff's motion to quiet title under the alternative theory of acquiescence.

Affirmed.

RONAYNE KRAUSE, J., concurring, agreed with the majority's decision to affirm and the reasoning that was actually necessary to arrive at that result; however, she but wrote separately because she believed that the majority opinion went beyond what was necessary to resolve this matter. It was unnecessary to consider whether plaintiff had satisfied the evidentiary burden of showing adverse possession or acquiescence. Defendant argued only that the First Street right of way was public land and that under MCL 600.5821(2) plaintiff could therefore not maintain its claims against a municipality. Plaintiff's motion to quiet title concerned property that was dedicated to, and used by, the public as a public street. The plain language of the statute, however, does not apply in situations in which the municipal corporation did not bring the action. While defendant contended that it did bring an action for the recovery of public land because it counterclaimed for that relief, Judge RONAYNE KRAUSE agreed with the majority that under the court rules, an action is commenced by filing a complaint but not necessarily by filing any pleading. Defendant did not bring the action within the meaning of the statute. MCL 600.5821(2) permits municipalities to commence actions by filing complaints for the recovery of public lands at any time, but it does not protect a municipality from actions against it on theories of adverse possession or acquiescence.

LIMITATION OF ACTIONS — MUNICIPAL CORPORATIONS — ADVERSE POSSESSION — ACQUIESCENCE IN BOUNDARIES — COMMENCEMENT OF ACTIONS — COUNTER-CLAIMS.

MCL 600.5821(2) provides that an action brought by a municipal corporation to recover possession of a public highway, street, alley, or any other public ground is not subject to the limitations periods provided by statute, but the statute does not bar claims for adverse possession or acquiescence unless they occur in an action brought by a municipal corporation for recovery of the possession of property; because under MCR 2.101(A) and (B) an action must be commenced by filing a complaint with a court, MCL 600.5821(2) does not provide protection for a municipal corporation that has merely counterclaimed for possession in an existing action rather than bringing an action of its own.

*Moher & Cannello, PC* (by *Steven J. Cannello*), for plaintiff.

*Bauckham, Sparks, Lohrstorfer, Thall & Seeber, PC* (by *John K. Lohrstorfer*), for defendant.

Before: BECKERING, P.J., and RONAYNE KRAUSE and
BOONSTRA, JJ.

BOONSTRA, J. In this action to quiet title, defendant
appeals as of right the order of the circuit court, entered
following a bench trial, quieting title in plaintiff's[1]
favor. We affirm.

I. PERTINENT FACTS AND PROCEDURAL HISTORY

In 1971, Kenneth Waisanen purchased property in
the Jordan Beach subdivision. The parcel abuts First
Street, a lake-access roadway dedicated to public use. At
the time Waisanen purchased the property, it contained
a break wall. In 1981, Waisanen constructed an addition
to his home on the property. In 2008, defendant con-
ducted a survey of lake-access roadways in the subdivi-
sion. According to the 2008 survey and unbeknownst to
Waisanen, the break wall encroached approximately 10
feet onto First Street, and the addition encroached
approximately 3 feet onto First Street. Following the
survey, plaintiff filed an action to quiet title to the
portion of First Street that included Waisanen's break
wall and addition. Defendant counterclaimed for pos-
session of that same portion of First Street. The circuit
court granted plaintiff's request to quiet title in his
favor, finding that plaintiff had established the ele-
ments of adverse possession or, in the alternative, that
plaintiff had acquired title through acquiescence. De-
fendant argues on appeal that the trial court erred with
respect to both theories.

---

[1] Plaintiff is the successor trustee for the Waisanen Family Trust. During
the lower court action, Kenneth A. Waisanen was trustee. The term
"plaintiff" will be used to refer to both the trustee and the successor trustee
of the Waisanen Family Trust. See *Waisanen Family Trust v Superior Twp*,
unpublished order of the Court of Appeals, entered April 7, 2014 (Docket No.
311200) (granting a substitution of parties).

## II. STANDARD OF REVIEW

We review de novo actions to quiet title, *Sackett v Atyeo*, 217 Mich App 676, 680; 552 NW2d 536 (1996), as well as a trial court's conclusions of law following a bench trial, *Walters v Snyder*, 239 Mich App 453, 456; 608 NW2d 97 (2000). We review for clear error a trial court's findings of fact during a bench trial. *Walters*, 239 Mich App at 456.

Issues of statutory interpretation are questions of law that we review de novo. *Mason v City of Menominee*, 282 Mich App 525, 527-528; 766 NW2d 888 (2009).

### III. APPLICABILITY OF MCL 600.5821(2)

As a threshold matter, resolution of defendant's appeal requires that we determine whether MCL 600.5821(2) bars a party's claims when, as here, the plaintiff has brought a claim to quiet title and the defendant municipality has counterclaimed for possession of the property. We conclude that it does not.

MCL 600.5821 provides in relevant part as follows:

> (1) Actions for the recovery of any land where the state is a party are not subject to the periods of limitations, or laches. However, a person who could have asserted claim to title by adverse possession for more than 15 years is entitled to seek any other equitable relief in an action to determine title to the land.

> (2) Actions brought by any municipal corporations for the recovery of the possession of any public highway, street, alley, or any other public ground are not subject to the periods of limitations.

It is undisputed that defendant is a "municipal corporation." See MCL 41.2; *Smith v Scio Twp*, 173 Mich App 381, 388; 433 NW2d 855 (1988). Therefore it is the applicability of MCL 600.5821(2) that is at issue here.

In considering this question, it is useful to review three prior decisions of this Court, although none is dispositive of the precise issue presented in this case. In *Adams Outdoor Advertising, Inc v Canton Charter Twp*, 269 Mich App 365; 711 NW2d 391 (2006), this Court considered the plaintiff's appeal of the trial court's grant of summary disposition to the defendant township on the grounds that MCL 600.5821(2) barred the plaintiff's claim for adverse possession. The plaintiff had brought suit for adverse possession of township property on which it had placed billboards; the defendant raised MCL 600.5821(2) as an affirmative defense. *Id.* at 367. It does not appear that the defendant township filed a counterclaim.

Notably, *Canton Charter Twp* did not consider the threshold issue of whether MCL 600.5821(2) applies in the first instance when a municipality is a *defendant* in an action brought by a plaintiff for adverse possession. Although that was the circumstance presented in that case, the Court instead noted that it was "undisputed that MCL 600.5821(2) precludes a party from claiming adverse possession against a municipal corporation" and stated that the "sole issue" before it was whether the disputed property qualified as "public ground" within the meaning of that term in the statutory subsection. *Id.* at 370. The Court then adopted a broad definition of "public ground" as referring to " 'publicly owned property open to the public for common use' . . . ." *Id.* at 375 (citation omitted). On that basis, the Court affirmed the trial court's award of summary disposition to the defendant township on the plaintiff's adverse possession claim.

In *Mason*, 282 Mich App 525, this Court considered a municipal defendant's appeal of an order of the trial court quieting title to a disputed parcel of real property

in favor of the plaintiffs on the basis of acquiescence. The plaintiffs had brought an action to quiet title to the property. *Id*. at 526. It does not appear that the defendant municipality raised a counterclaim; instead, the defendant raised the defense that MCL 600.5821(2) shielded it from claims to property based on the theory of acquiescence. *Id*. at 527. This Court disagreed, stating:

> While subsection 1 [of MCL 600.5821] applies to "[a]ctions for the recovery of any land where the state is a party," subsection 2 applies to "[a]ctions brought by any municipal corporations . . . ." It is evident from the language employed in subsection 1 that the Legislature could have made subsection 2 applicable in all cases brought by or against a municipality. The Legislature, however, chose not to do so. Further, interpreting subsection 2 to apply to any case in which a municipality is a party would render the words "brought by" in subsection 2 nugatory. Finally, an acquiescence claim involves a limitations period. *Kipka v Fountain*, 198 Mich App 435, 438-439; 499 NW2d 363 (1993). The term "periods of limitations" in MCL 600.5821(2) renders that provision applicable to claims asserting acquiescence for the statutory period. Thus, because the language of MCL 600.5821(2) prevents a private landowner from acquiring property from a municipality by acquiescence only if the municipality brings an action to recover the property, it does not preclude plaintiffs' claim. [*Id*. at 528-529 (second and third alterations in original).]

In a concurring opinion in *Mason*, Judge BECKERING noted that this interpretation of MCL 600.5821(2) carried the potential, perhaps unrecognized by the Legislature, for "inconsistent outcomes, depending on which party beats the other to the courthouse, given [the Legislature's] chosen language in MCL 600.5821(2)." *Id*. at 533 (BECKERING, J., concurring). Nonetheless, she concluded that "the plain language of the statute does

not apply in situations where the municipal corporation did not bring the action, which is the present case." *Id*. at 534. Judge BECKERING noted that "[a]t first blush, this Court's opinion in [*Canton Charter Twp*] appears to conflict with the idea that MCL 600.5821(2) applies only to actions brought by a municipality," but the parties in *Canton Charter Twp* had not "raise[d] the issue that [was] before" the Court in *Mason* and the Court remained "bound to interpret the plain language set forth by the Legislature in MCL 600.5821(2)." *Id*. at 536-537. Judge BECKERING declined to address any distinctions between adverse possession and acquiescence given the inapplicability of MCL 600.5821(2). *Id*. at 536 n 1.

Finally, in *Beach v Lima Twp*, 283 Mich App 504; 770 NW2d 386 (2009), aff'd 489 Mich 99 (2011), this Court considered a defendant township's appeal of the trial court's grant of summary disposition to the plaintiffs on the basis that the plaintiffs had acquired title to the disputed property by adverse possession. The plaintiffs had brought an action to quiet title, to which the defendant had counterclaimed, also to quiet title. *Id*. at 507. This Court noted both *Canton Charter Twp* and *Mason* in considering the defendant's claim that MCL 600.5821(2) rendered it immune to the plaintiff's adverse possession claim, but ultimately concluded that the property at issue was not "public grounds" and that MCL 600.5821(2) was therefore inapplicable. *Id*. at 523.

Neither *Canton Charter Twp* nor *Mason* nor *Beach* is on all fours with the instant case. In all three of those cases, as here, the municipality was named as a defendant. However, whereas the instant case presents both adverse possession and acquiescence theories, *Canton Charter Twp* and *Beach* presented adverse possession theories only, while *Mason* presented only a claim of

acquiescence. Further, while the municipal defendant in *Beach* filed a counterclaim, as did defendant in this case, the municipal defendants in *Canton Charter Twp* and *Mason* did not.

Defendant argues that the trial court improperly relied on *Beach*, since the sole and dispositive issue in that case was whether the property at issue was "public grounds." On that point, we agree with defendant; *Beach* simply did not decide the issue that is before us, i.e., whether MCL 600.5821(2) applies in the first instance, regardless of whether property is public grounds, when the municipality is a *defendant* to a claim for adverse possession or acquiescence and has filed a counterclaim for possession of the property.

Defendant further argues that, under *Canton Charter Twp*, plaintiff's claim for adverse possession is barred by MCL 600.5821(2) and that *Mason*'s allowance of a plaintiff's acquiescence claim does not apply when, as here, the defendant municipal corporation has filed a counterclaim for possession of the property. Taken in isolation, language from *Canton Charter Twp* indeed would suggest that an adverse possession claim is barred. However, it is clear that the Court in *Canton Charter Twp* was not presented with the issue of whether adverse possession claims are barred in their entirety by MCL 600.5821(2) even when the municipality, as a defendant, has not initiated the legal proceedings. The Court did not *decide* that issue; rather it stated, without reference to authority, that the issue was "undisputed" and therefore did not need to be considered. *Canton Charter Twp*, 269 Mich App at 370. It also noted that the "sole issue" before it was whether the land in question was "public ground." *Id.* The Court's statements about whether the statute prevented a party from claiming adverse possession

against a municipal corporation were not necessary to the resolution of that issue and therefore are not binding. See *Edelberg v Leco Corp*, 236 Mich App 177, 183; 599 NW2d 785 (1999).[2]

The issue was, however, addressed and decided in *Mason*, in which this Court held that MCL 600.5821(2) did not bar an acquiescence claim because the action had been filed by the party seeking possession and had not been "brought by" the municipality. *Id*. at 529. We hold that the holding in *Mason* applies equally to an adverse possession claim and a claim for acquiescence. We note that the language of MCL 600.5821(2) makes no mention of the terms "adverse possession" or "acquiescence," but merely states that "[a]ctions brought by any municipal corporations for the recovery of the possession of any public highway, street, alley, or any other public ground are not subject to the periods of limitations." Both adverse possession claims and acquiescence claims seek title to disputed property by virtue

---

[2] We note that the trial court in *Canton Charter Twp* relied on the reasoning of an unpublished opinion, *Cascade Charter Twp v Adams Outdoor Advertising*, unpublished opinion per curiam of the Court of Appeals, issued March 9, 2004 (Docket No. 240625), in granting summary disposition in the defendant's favor. In that case, the plaintiff township filed a claim against the defendant seeking removal of a billboard and damages, and the defendant counterclaimed for adverse possession. *Id*. at 1. This Court noted that the only issue was whether the land was public ground, and if it was, it would undisputedly bar plaintiff's claim under MCL 600.5821(2) because a municipal corporation had brought an action for recovery of the property. *Id*. at 2-5. Accordingly, although the issue to be decided was similar to that in *Canton Charter Twp*, the procedural postures of the two cases were very different. In *Canton Charter Twp*, the parties appear to have accepted, perhaps from a mistaken reading of *Cascade Charter Twp*, that if the land in question was public, the plaintiff's claim would be barred and do not appear to have raised, briefed, or argued the issue of whether MCL 600.5821(2) applied to a case in which the plaintiff brought an action for adverse possession against a municipal corporation rather than a case in which the plaintiff merely counterclaimed against the municipality that had initially filed suit.

of possession, and both involve a limitations period. See *Beach*, 283 Mich App at 524; *Mason*, 282 Mich App at 529. The plain language of the statute thus does not invite us to treat these claims differently.

Further, we conclude that the rationales of the majority opinion in *Mason* and Judge BECKERING's concurrence apply equally to both adverse possession claims and acquiescence claims. "[T]he plain language of the statute does not apply in situations where the municipal corporation did not bring the action . . . ." *Mason*, 282 Mich App at 534 (BECKERING, J., concurring). To hold otherwise would be to not only stray from the plain language of the statute but to "render the words 'brought by' in subsection 2 nugatory." *Id.* at 529 (opinion of the Court). Therefore, we hold that MCL 600.5821(2) does not bar claims for either adverse possession or acquiescence unless they occur in an action brought by a municipal corporation for recovery of possession of the property.

Seeking to distinguish *Mason*, defendant cursorily argues that because it brought a counterclaim for possession of the property, the instant case therefore *is* an action "brought by" a municipal corporation for recovery of the public grounds. Defendant provides this Court with no authority, and the Court's own research has located none, in which the filing of a counterclaim by a municipal defendant has divested a plaintiff of the right to pursue a claim for adverse possession or acquiescence against a municipal corporation. We could decline to address defendant's argument on that ground. See *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003) ("Argument must be supported by citation to appropriate authority or policy."). Nonetheless, we consider, and ultimately reject, defendant's contention.

Our court rules do not support defendant's position that the case before us is an "[a]ction[]" brought by" defendant for recovery of property by virtue of its counterclaim for possession of the property. MCL 600.5821(2). In Michigan, there is "one form of action known as a 'civil action.'" MCR 2.101(A). A civil action is "commenced by filing a complaint with a court." MCR 2.101(B). Further, MCR 2.110 defines "pleading" to include both a "complaint" and a "counterclaim." MCR 2.110(A)(1) and (3). Thus, had our Supreme Court wished to indicate that an "action" could be "commenced" by filing a "pleading" rather than a "complaint," it could have easily done so. See also MCR 2.203(A) and (B) (governing the compulsory and permissive joinder of "claims" by a "pleader," which encompasses both complaints and counterclaims). MCR 2.203(B) also refers to joining "two claims" in a "single action," further supporting the distinction between a "claim" and an "action." MCR 2.504(A) provides for the dismissal of an "action," and Subrule (2)(a) provides that a court shall not dismiss an "action" if the defendant has "pleaded a counterclaim," unless the counterclaim can remain pending for independent adjudication. Finally, MCR 2.604(A) provides that an order adjudicating fewer than all the "claims . . . does not terminate the action as to any of the claims or parties . . . ."

These court rules indicate that, as written, MCL 600.5821(2) does not provide protection for a municipal corporation that has merely counterclaimed for possession in an existing action, rather than bringing an action of its own. Issues regarding the application of limitations periods are procedural. See *Gleason v Dep't of Transp*, 256 Mich App 1, 2; 662 NW2d 822 (2003). With regard to procedural issues, the Michigan Court Rules control. See *Staff v Johnson*, 242 Mich App 521, 533; 619 NW2d 57 (2000).

Further, holding as defendant suggests would render the distinction between "[a]ctions for the recovery of any land where the state is a party" (in Subsection (1) of MCL 600.5821) and actions "brought by" municipal corporations (in Subsection (2)) essentially nugatory, which we decline to do. See *Mason*, 282 Mich App at 528-529. Although this holding does not resolve the danger of inconsistent results noted by Judge BECKERING in *Mason*, the plain language of the statute and our existing court rules compel such a conclusion, absent any clarification from the Legislature or our Supreme Court. See *Mason*, 282 Mich App at 535-536 (BECKERING, J., concurring).

Having determined that the trial court did not err by failing to apply MCL 600.5821(2) to plaintiff's claims, we now examine its ruling with respect to each claim.

## IV. ADVERSE POSSESSION

A claim of adverse possession requires clear and cogent proof that possession of the disputed property has been actual, visible, open, notorious, exclusive, continuous, and uninterrupted for the statutory period. *Kipka v Fountain*, 198 Mich App 435, 439; 499 NW2d 363 (1993). The use of the property must be "hostile," that is "without permission and in a manner that is inconsistent with the rights of the true owner." *Jonkers v Summit Twp*, 278 Mich App 263, 271, 273; 747 NW2d 901 (2008). The statutory period of limitations for adverse possession is 15 years. MCL 500.5801(4).

"[W]hat acts or uses are sufficient to constitute adverse possession depends upon the facts in each case and to a large extent upon the character of the premises." *Burns v Foster*, 348 Mich 8, 14; 81 NW2d 386 (1957). In this case, Kenneth Waisanen testified that he purchased the property in 1971. Plaintiff's property

shares a boundary line with First Street—a dedicated
public access right of way—and the house on the
property crosses over the lot line by approximately 3
feet as measured in the 2008 survey. John Waisanen
testified that his father constructed the addition to the
house in 1981; it is 3 feet of this addition that en-
croaches unto First Street. A break wall enclosing
plaintiff's purported side yard to the west encroaches
on First Street by more than 10 feet. Kenneth Waisanen
testified that the break wall was present when he
purchased the property. Further, he had used his prop-
erty exclusively since purchasing it, and neither the
public nor defendant had used the area between the
break wall and the house for any purpose. There was
testimony by others that members of the public had
historically used the right of way to access the beach on
Waiska Bay and a state park.

The trial court did not err by concluding that the
elements of adverse possession were established. Al-
though, with regard to the exclusivity element, there
was some testimony that members of the public occa-
sionally used the area between the break wall and the
house to access the beach and state park, such occa-
sional trespasses do not suffice to defeat a claim of
exclusivity. See *Doctor v Turner*, 251 Mich 175, 186; 231
NW 115 (1930). The record otherwise supports the trial
court's conclusion that plaintiff's possession of the
disputed property was visible, open, notorious, exclu-
sive, continuous, and uninterrupted for the statutory
period. *Kipka*, 198 Mich App at 439.

### V. ACQUIESCENCE

There are three theories of acquiescence to boundary
lines: acquiescence for the statutory period, acquies-
cence following a dispute and agreement, and acquies-

cence arising from the intention to deed to a marked boundary. *Walters*, 239 Mich App at 457. In this case, plaintiff does not assert that defendant acquiesced following a dispute and agreement or that defendant's acquiescence arose from an intention to deed to a marked boundary. Instead, plaintiff relies on the first theory—acquiescence for the statutory period.

"It has been repeatedly held by this Court that a boundary line long treated and acquiesced in as the true line ought not to be disturbed on new surveys. Fifteen years' recognition and acquiescence are ample for this purpose . . . ." *Johnson v Squires*, 344 Mich 687, 692; 75 NW2d 45 (1956) (quotation marks and citations omitted). The trial court based its finding of acquiescence on what it believed to be considerable evidence that defendant had never complained to anyone in the Waisanen family that the property was encroaching on First Street. The court concluded that defendant had put up a guardrail and "some infrastructures" that respected the boundary line claimed by plaintiff. This conclusion is suspect because of conflicting testimony regarding whether defendant or the county put up these structures. Nonetheless, the point the court was making was that when these structures were built, defendant did not take the opportunity to inform the Waisanen family that they were encroaching on the right of way. This is consistent with the record and supports the inference that both plaintiff and defendant believed, at least before 2008, that the break wall ran along the western border of the property and that the addition to the house built in 1981 was entirely inside the property boundaries.

The court noted that no complaint had ever been made about the addition to the home. There is some dispute, however, whether a building permit was ob-

tained that would have put defendant on notice of the encroachment. Unlike the break wall, the home's encroachment is slight enough to have escaped notice upon a visual inspection of the area. The court also noted that the Waisanen family had maintained and used the area up to the break wall. This is supported by the testimony and documentary evidence.

Accordingly, given defendant's active and passive acquiescence to the use being made by the Waisanen family of the land up to the break wall for a period well in excess of 15 years, the trial court did not err by granting plaintiff's motion to quiet title under the alternative theory of acquiescence.

## VI. CONCLUSION

This action was not "brought by" defendant, nor does defendant's filing of a counterclaim alter that fact. MCL 600.5821(2) is therefore inapplicable and does not bar plaintiff's claims for adverse possession and acquiescence.[3] Further, the trial court did not err by finding that the

---

[3] As noted earlier, this result, while dictated by the plain language of MCL 600.5821, results in a municipal corporation being immunized from periods of limitations only if it wins "the race to the courthouse." As Judge BECKERING noted in her concurrence in *Mason*, although Subsections (1) and (2) of MCL 600.5821 were amended to their present form in 1988, Subsection (1) represents a substantial change in the law, while Subsection (2) remains very similar to the predecessor statute enacted in 1907. *Mason*, 282 Mich App at 535-536 (BECKERING, J., concurring). "This leaves one to wonder whether the Legislature intended the different protections afforded by each subsection . . . ." *Id.* at 536. Nonetheless, as judicial construction of an unambiguous statute is neither necessary nor permitted, *Koontz v Ameritech Servs, Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002), it remains for our Legislature, not this Court, to fix such an arguably anomalous result if the plain language of Subsection (2) does not in fact represent the Legislature's intent regarding protection for municipal corporations with respect to actions for recovery of public lands.

elements of those claims were established and quieting title to the disputed property in favor of plaintiff.

Affirmed.

BECKERING, P.J., concurred with BOONSTRA, J.

RONAYNE KRAUSE, J. (*concurring*). I concur with the majority's decision to affirm and, in broad overview, the reasoning employed by the majority that is actually necessary to arrive at that result. I write separately only because I believe the majority's opinion goes beyond what is necessary to resolve this matter.

In 1971, plaintiff purchased Lot 7 of the Jordan Beach Subdivision in Superior Township, Chippewa County. Lot 7 is a lakefront parcel, on the shore of Lake Superior to its north. It is bounded to the south by Shenandoah Avenue and to the west by a 40-foot-wide right of way platted as First Street. The plat map depicts First Street as running perpendicular to, and all the way to, the water's edge. Physically, however, a guardrail, installed in 1981 when Shenandoah Avenue was paved, crosses First Street on the lakeward side of Shenandoah Avenue, and a variety of utility equipment is also installed in the right of way. Despite this apparent termination of First Street itself at Shenandoah Avenue, witnesses testified that they had historically used, and continued to use, the First Street right of way to access the beach and water. At issue is plaintiff's encroachment onto the right of way: a 1981 addition to plaintiff's house encroached onto the right of way by 3.25 feet, and a break wall that was already in place when plaintiff purchased Lot 7 encroached onto the right of way by approximately 15 feet.

The encroachments were discovered, apparently to the surprise of all parties, in 2008, when defendant

commissioned a survey of the area. Plaintiff commenced the instant suit, seeking to quiet title to the encroached-upon area on alternative theories of adverse possession and acquiescence. Defendant counterclaimed for possession of that same portion of First Street. The trial court found in plaintiff's favor on both theories. Defendant now appeals, arguing that the trial court erred in its application of both theories.

We review de novo actions to quiet title. *Sackett v Atyeo*, 217 Mich App 676, 680; 552 NW2d 536 (1996). We likewise review de novo a trial court's conclusions of law following a bench trial. *Walters v Snyder*, 239 Mich App 453, 456; 608 NW2d 97 (2000). However, we review for clear error the trial court's findings of fact in an equitable action. *Silich v Rongers*, 302 Mich App 137, 143; 840 NW2d 1 (2013). We will only conclude there is clear error if we are definitely and firmly convinced that the trial court made a mistake. *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010).

A claim of adverse possession requires clear and cogent proof that possession of the disputed property has been actual, visible, open, notorious, exclusive, continuous, and uninterrupted for the statutory period. *Kipka v Fountain*, 198 Mich App 435, 439; 499 NW2d 363 (1993). The statutory period of limitation for adverse possession is 15 years. MCL 500.5801(4). A claim of acquiescence may be based on, in relevant part, acquiescence for the statutory limitations period. *Walters*, 239 Mich App at 457. "[A] boundary line long treated and acquiesced in as the true line ought not to be disturbed on new surveys. Fifteen years' recognition and acquiescence are ample for this purpose." *Johnson v Squires*, 344 Mich 687, 692; 75 NW2d 45 (1956) (quotation marks and citations omitted). Acquiescence merely requires that the parties treated a particular

boundary line as the true line. *Mason v City of Menominee*, 282 Mich App 525, 529-530; 766 NW2d 888 (2009).

It is beyond dispute that plaintiff has been openly and exclusively using the encroached-upon area since 1971, and predecessors in ownership before that, well in excess of the statutory period for either adverse possession or acquiescence. Indeed, defendant makes no real attempt on appeal to dispute whether plaintiff's actions over the years have at least nominally satisfied the factual prerequisites for either adverse possession or acquiescence described above. Rather, defendant argues that the First Street right of way is public land, and therefore, pursuant to MCL 600.5821, plaintiff simply may not maintain the instant claims against a municipality such as itself.[1]

I agree that the First Street right of way is public ground. "Public ground" is a broad term that is intended "to protect municipalities from adverse possession claims" and generally applies to "publicly owned property open to the public for common use . . . ." *Adams Outdoor Advertising, Inc v Canton Charter Twp*, 269 Mich App 365, 375; 711 NW2d 391 (2006) (quotation omitted). A review of the 1925 plat for the Jordan Beach Subdivision shows that all the platted streets and alleys, including First Street, were dedicated to public use. The plat states that "the streets and alleys as shown on said plat are hereby dedicated to the use of the Public." The evidence established that the public had accepted this dedication by using the street for beach access and maintaining and providing utility service to the street. Plaintiff notes that the evidence

---

[1] Consequently, I believe it is unnecessary to consider whether plaintiff has satisfied his evidentiary burden of showing either adverse possession or acquiescence. This Court has been asked only to address whether either action is legally cognizable under the circumstances.

also shows that no member of the public had used the encroached-upon area for nearly 40 years, but that does not change the nature of the encroached-upon property. Plaintiff's motion to quiet title concerns property that was dedicated to, and used by, the public as a public street.

MCL 600.5821 provides in relevant part as follows:

(1) Actions for the recovery of any land where the state is a party are not subject to the periods of limitations, or laches. However, a person who could have asserted claim to title by adverse possession for more than 15 years is entitled to seek any other equitable relief in an action to determine title to the land.

(2) Actions brought by any municipal corporations for the recovery of the possession of any public highway, street, alley, or any other public ground are not subject to the periods of limitations.

The most recent amendment of MCL 600.5821(1) "reinstated the common-law rule that one cannot acquire title to state-owned property through adverse possession or prescriptive easement." *Matthews v Dep't of Natural Resources*, 288 Mich App 23, 35-36; 792 NW2d 40 (2010), citing *Gorte v Dep't of Transp*, 202 Mich App 161, 165-166; 507 NW2d 797 (1993); see also *Goodall v Whitefish Hunting Club*, 208 Mich App 642, 647; 528 NW2d 221 (1995) ("[W]e note the Legislature has decided that a claim of adverse possession against state lands is against public policy and, therefore, will not be recognized.").

However, the property at issue here is not owned by the state, but is owned by a municipality. In contrast to Subsection (1) of the statute, the plain "language of MCL 600.5821(2) prevents a private landowner from acquiring property from a municipality by acquiescence only if the municipality brings an action to recover the

property . . . ." *Mason*, 282 Mich App at 529 (opinion of the Court); accord *id.* at 534 (BECKERING, J., concurring). Because the plain language of MCL 600.5821(2) does not refer to either acquiescence or adverse possession, I perceive no reason to treat either theory differently.[2] "[T]he plain language of the statute does not apply in situations where the municipal corporation did not bring the action . . . ." *Mason*, 282 Mich App at 534 (BECKERING, J., concurring).

Defendant contends that it *did* "bring" an action for the recovery of public land because it counterclaimed for that relief. I agree entirely with the majority's explanation of why, pursuant to the court rules, an "action" is "commenced" by filing a "complaint," but not necessarily by any "pleading." Consequently, defendant is incorrect: it brought claims, but it did not bring an action within the meaning of the statute. Therefore, MCL 600.5821(2) permits municipalities to *commence actions by filing complaints* for the recovery of public lands at any time, but it does not protect a municipality from actions *against* it on adverse possession or acquiescence theories.

I concur in affirming.

---

[2] I have not considered *Beach v Lima Twp*, 283 Mich App 504; 770 NW2d 386 (2009), aff'd 489 Mich 99 (2011), because the property at issue in that case was not "public ground."