# STATE OF MICHIGAN

# COURT OF APPEALS

BEN MCKENZIE, JR.,

Plaintiff-Appellant,

UNPUBLISHED
November 20, 2014

v

CITY OF DETROIT and ADRAINE DION
MOTLEY,

Defendants-Appellees.

No. 312352
Wayne Circuit Court
LC No. 10-007770-NI

Before: O'CONNELL, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Plaintiff appeals as of right the amended judgment of no cause for action and order dismissing all claims against defendants, the City of Detroit and Adraine Motley ("Motley"), following a bench trial. Because we find no errors warranting relief, we affirm.

On January 7, 2010, plaintiff was injured when he was struck by a bus operated by the City of Detroit and driven by Motley. The facts adduced at trial established that plaintiff had parallel parked his vehicle in front of a mattress store. After purchasing some mattresses, he attempted to merge his vehicle into traffic. Plaintiff testified that Motley eased the bus forward until he could no longer drive his vehicle forward or backward. However, Motley testified that plaintiff pulled out in front of the bus, so he hit the brakes and the bus slid forward several feet. Plaintiff then rolled his window down and began yelling and swearing at Motley. At that time, plaintiff's vehicle was blocking one lane of traffic, so Motely could not continue driving. Plaintiff exited his vehicle and stood directly in front of the bus, continuing to swear at Motley. The driver's side door to plaintiff's vehicle remained open. Plaintiff testified that Motley began to drive away and, in the process, struck him and pushed him into his car door. However, Motley testified that he was attempting to maneuver around plaintiff's vehicle in order to diffuse the situation and get away from plaintiff.

The trial court found that plaintiff's claim was barred by governmental immunity because plaintiff could not establish that Motley's conduct amounted to gross negligence that was the proximate cause of plaintiff's injury. The court also found that plaintiff's conduct during the incident had been negligent. On appeal, plaintiff argues that he was owed a greater duty of care because he was a pedestrian when he was struck by the bus. Plaintiff argues that Motley intentionally struck him even though he had ample room to pass.

-1-

A trial court's conclusions of law following a bench trial are reviewed de novo. *Waisanen v Twp of Superior*, 305 Mich App 719, 723; 854 NW2d 213 (2014). "This Court reviews the findings of fact by a trial court sitting without a jury under the clearly erroneous standard." *Walters v Snyder*, 239 Mich App 453, 456; 608 NW2d 97 (2000). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Id*. "[T]he issue whether a governmental employee's conduct constituted gross negligence under MCL 691.1407 is generally a question of fact . . . ." *Tarlea v Crabtree*, 263 Mich App 80, 88; 687 NW2d 333 (2004) (internal quotation marks omitted).

Under the no-fault act:

> A person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement. [MCL 500.3135(1).]

The general purpose of the no-fault insurance act was to partially abolish tort remedies for injuries sustained in motor vehicle accidents and to substitute first-party insurance benefits in place of tort remedies. *Stephens v Dixon*, 449 Mich 531, 541; 536 NW2d 755 (1995). "The elements of an action for damages arising out of a tortious injury include: (1) a legal duty, (2) a breach of the duty, (3) a causal relationship, and (4) damages." *Lumley v Bd of Regents for Univ of Michigan*, 215 Mich App 125, 130; 544 NW2d 692 (1996). However, under MCL 691.1407(1), "[a] governmental agency is generally immune from tort liability arising out of the exercise or discharge of its governmental functions." *Allen v Bloomfield Hills Sch Dist*, 281 Mich App 49, 53; 760 NW2d 811 (2008). The "broad immunity afforded by the statute is limited by several narrowly drawn [statutory] exceptions." *Id*. The exception at issue in this case is the motor vehicle exception found in MCL 691.1405, which provides that "[g]overnmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner." Additionally:

> MCL 691.1407(2) generally provides that a governmental agency's employee is immune from tort liability for an injury caused by the employee while in the course of employment if (a) the employee was acting within the scope of his authority, (b) the governmental agency was engaged in the exercise of a governmental function, and (c) the employee's conduct did not amount to gross negligence that was the proximate cause of the injury. [*Radu v Herndon & Herndon Investigations, Inc*, 302 Mich App 363, 382; 838 NW2d 720 (2013).]

In this case, neither party disputes that Motley was an employee of the City of Detroit, which constitutes a "governmental agency" for purposes of governmental immunity. MCL 691.1401(a), (e). Further, there is no dispute that Motley was performing a governmental function at the time of the accident. MCL 691.1401(b). Therefore, to avoid having his claim barred by governmental immunity, plaintiff would have to prove that Motley committed gross negligence when the bus he was operating collided with plaintiff and that Motley's gross

negligence was the proximate cause of his injury. See MCL 691.1407(2); *Radu*, 302 Mich App at 382. This he cannot do.

To prevail, plaintiff cannot merely present evidence of ordinary negligence; he must present evidence of gross negligence. *Radu*, 302 Mich App at 383. "Gross negligence" is defined as "conduct so reckless as to demonstrate a substantial lack of concern whether an injury results." MCL 691.1407(8)(a). Here, the trial court properly found that Motley's actions did not rise to the level of negligence, let alone gross negligence. Although individuals who operate motor vehicles on Michigan roads owe a duty to all pedestrians to operate their vehicles with due care, *White v Beasley*, 453 Mich 308, 356; 552 NW2d 1 (1996) (MALLETT, J., concurring), there was no credible testimony that Motley ever breached his duty to conduct himself as "a reasonably prudent person under the same or similar circumstances," *Bartlett v Melzo*, 351 Mich 177, 181; 88 NW2d 518 (1958). Though Motley's bus struck plaintiff and plaintiff's car door, the collision only occurred because Motley was attempting to go around plaintiff, who had pulled out of his parking spot into moving traffic, and then exited his vehicle to confront Motley when he was unable to successfully merge with the traffic. The trial court found plaintiff's testimony not credible because he had lied to cover up a prior accident with Khaliha Adger, his fiancée, and because he had lied about his residence in order to try and claim first-party no-fault benefits under his sister's insurance policy. We give deference to "the trier of fact on issues of witness credibility and the weight to accord the evidence." *Drew v Cass Co*, 299 Mich App 495, 501-502; 830 NW2d 832 (2013). Accordingly, the testimony elicited at trial adequately supported the trial court's findings of fact that Motley exercised due care in the operation of his bus, and therefore, was not negligent, let alone grossly negligent.

Further, plaintiff also had to prove that Motley's conduct amounts to "gross negligence *that is the proximate cause of the injury or damage*." MCL 691.1407(2)(c) (emphasis added). "The phrase 'the proximate cause' is best understood as meaning the one most immediate, efficient, and direct cause preceding an injury." *Robinson v City of Detroit*, 462 Mich 439, 459; 613 NW2d 307 (2000).

Here, the trial court found that Motley was not negligent in the operation of the bus, but plaintiff was negligent. However, even if the trial court had found Motley to be negligent, the judge found that plaintiff's "injury may have been aggravated by maybe the incident with [plaintiff's fiancé,] some years before, or degenerative causes or a combination." At trial, defendants offered the deposition transcript of Dr. Housner, plaintiff's orthopedic surgeon, in which Dr. Housner stated that plaintiff's left leg injuries were likely degenerative and could have occurred during the 2008 incident in which plaintiff's fiancé struck him with her vehicle. Thus, again, the only unequivocal testimony to support plaintiff's claim that his knee pain was caused by the collision with Motley's bus was plaintiff's own testimony. As the trial judge found, plaintiff had lied in order to cover up this prior accident with his fiancé and had lied to try and claim insurance benefits he was not entitled to; therefore, the trial court gave little weight to plaintiff's statements. Accordingly, because plaintiff provided no credible evidence showing that Motley's conduct was "the one most immediate, efficient, and direct cause preceding an injury," *Robinson*, 462 Mich at 459, the trial court correctly found that plaintiff's injuries were not proximately caused by the collision with Motley's bus. Because plaintiff's claim was barred by governmental immunity, we need not address his other claimed points of error.

Affirmed.

/s/ Peter D. O'Connell
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood