# STATE OF MICHIGAN

# COURT OF APPEALS

JERRY ZABEL ELECTRIC COMPANY,

      Plaintiff/Counter-Defendant/Third-Party-Defendant,

v

STONECREST BUILDING COMPANY, a/k/a SABLE HOMES, f/k/a SILVERCREST CONSTRUCTION COMPANY, and RICHARD J. SABLE,

      Defendants/Cross-Defendants-Appellees,

and

EUROPEAN CABINETS,

      Defendant/Cross-Defendant/Counter-Plaintiff-Appellant,

and

ABN AMRO MORTGAGE GROUP, INC., DAVID CHILDS, THERESE CHILDS, DENISE MADDEN, and WILLIAM MADDEN,

      Defendants,

and

STERLING CREEK, L.L.C., SABLE REALTY VENTURES - AMBASSADOR I LIMITED PARTNERSHIP, SABLE REALTY VENTURES – SHELBY I LIMITED PARTNERSHIP, SILVER PINES LIMITED PARTNERSHIP, AMBASSADOR I LIMITED PARTNERSHIP, PIPECON, INC., STANDARD DRYWALL, RYSZARD F. ANDRUSZ, TERESA E.

UNPUBLISHED
July 23, 2015

No. 320168
Macomb Circuit Court
LC No. 2007-004101-CK

-1-

ANDRUSZ, CAROL BUCKHANNON, CAROL GROTELUESCHEN, CPTF MANORS, L.L.C., THERESA V. DELISO, FRANK J. JELISH TRUST, SUSAN K. JELISH TRUST, LOTTIE E. KIEL, OTTOMAR KEIL, JEDDO DRYAWALL, INC., LANDSCAPE SERVICES, INC., LASALLE BANK, CECELIA LEWANDOWSKI, THOMAS O. MARCHIONE, MICHAEL MURDOCK, and NATIONAL EXTERIORS, INC.,

   Defendants/Cross-Defendants,

and

SABLE REALTY VENTURES, L.L.C., SABLE REALTY VENTURES – EAGLE CREEK LIMITED PARTNERSHIP, CORNWALL FIRE PROTECTION, L.L.C., COUNTRYWIDE HOME LOANS, INC., KEVIN P. LESLIE, PROLINE CERAMIC, INC., STOCK BUILDING SUPPLY, INC., and CHEROKEE CARPET & FLOOR COVERING, INC.,

   Defendants/Cross-
   Defendants/Third-Party Defendants,

and

WG FIREPLACE, L.L.C.,

   Defendant/Cross-Defendant/Cross-
   Plaintiff,

and

AMBASSADOR HOMES, INC., NADICKA ANEVSKI, B & D DRYWALL SUPPLY, INC., and BEST BLOCK COMPANY,

   Defendants/Cross-
   Defendants/Counter-
   Plaintiffs/Cross-Plaintiffs,

and

HOMEOWNER CONSTRUCTION LIEN
RECOVERY FUND, CHARMAIN CHAHINE,
W. G. HEATING & COOLING, INC., and J & S
TRUCKING AND CLEANUP, L.L.C.,

        Defendants/Cross-
        Defendants/Third-Party
        Defendants/Cross-Plaintiffs,

and

BEDIENT CONSTRUCTION, INC.,

        Defendant/Cross-Defendant/Cross-
        Plaintiff/Third-Party Plaintiff,

and

F & M TRENCHING, INC.,

        Intervening Defendant/Cross-
        Defendant/Counter-Plaintiff/Cross-
        Plaintiff,

and

UNITED LAWNSCAPE, INC.,

        Intervening Defendant/Cross-
        Defendant/Third-Party
        Plaintiff/Third-Party Defendant,

and

ARLINGTON TRANSIT MIX, INC., DENNIS
CARLIN, CARPENTERS PENSION TRUST
FUND MANORS, L.L.C., JOSE V. DELAPAZ,
LIZA A. DELAPAZ, KOLA GJOKAJ, d/b/a
EUROPEAN PAINTING COMPANY, LION
MASONRY CORPORATION, MID-AMERICA
LABOR TRUST, JULEEN M. O'BRYAN, OHIO
SAVINGS BANK, BARBARA M. PRIZGINT,
ROY J. PRIZGINT, JOHN PLATEVOET,
PRONTO CONSTRUCTION, JOE SCIANNA,
PAULINE SCIANNA, CHRISTOPHER
MAYNARD, and MICHIGAN

UNDERLAYMENTS,

       Third-Party Defendants,

and

AA CAPITAL EQUITY FUND II LP,
CARPENTERS PENSION TRUST FUND-
DETROIT AND VICINITY, CENTERPOINTE
ELECTRIC L.L.C., DIRECT PLUMBING, INC.,
MICHIGAN REGIONAL COUNCIL OF
CARPENTERS ANNUITY FUND, MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC., PINE TREE FURNITURE & LIGHTING,
INC., WARREN BANK, NISHA YOYAKEY,
GATEWAY ENGINEERING & SURVEYING,
INC., GOLDON WINDOWS & MIRRORS, INC.,
and STERLING SANITATION, INC.

       Third-Party Defendants/Cross-
       Defendants,

and

F & M CONTRACTORS, INC., KAREN
CARLIN, THOMAS VANDERMERGEL,
JOGODA DJURIC and VOJO DJURIC

       Third-Party Defendants/Third-Party
       Plaintiffs,

and

KITCHEN SUPPLIERS, INC.,

       Third-Party Defendant/Counter-
       Plaintiff/Cross-Plaintiff,

and

SERRA VALLE CONSTRUCTION COMPANY,

       Third-Party Defendant/Third-Party
       Plaintiff/Counter-Plaintiff/Cross-
       Plaintiff.

Before: FORT HOOD, P.J., and SAAD and RIORDAN, JJ.

PER CURIAM.

Defendant European Cabinets (European) appeals the trial court's dismissal of its cross-claim against defendants Stonecrest Building Company (a/k/a Sable Homes, f/k/a Silvercrest Construction Company) (Stonecrest), and its principal, Richard J. Sable (collectively the Stonecrest defendants), for violation of the Michigan builder's trust fund act (MBTFA), MCL 570.151 *et seq.* European also challenges the trial court's denial of its motion to amend its cross-complaint to add a claim for common-law fraud. For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

This case involves the failed development of multiple condominium projects. Before the financial crisis, the real-estate developers who owned the land obtained financing from numerous lenders to build condominiums on their property. Stonecrest served as the project manager for these multiple developments, and had two primary duties in this capacity: (1) interaction with and management of the building-trade contractors who worked on the condominium developments; and (2) provision of other services to the real-estate developers, such as marketing, and negotiation and closing of sales.

After the financial crisis, this arrangement broke down. The real-estate developers suffered significant losses because of a steep decline in the market value of their properties. As a result, they were unable to pay either their lenders, or the numerous building-trade contractors that had worked on the condominium developments. For this reason, many of these contractors sued the real-estate developers, the Stonecrest defendants, and other contractors and associated individuals involved in the construction projects, in an attempt to obtain payment for the services they provided.

This appeal involves the claim of a single building-trade contractor and supplier, European, against the Stonecrest defendants. Stonecrest contracted with European to provide and install countertop materials at three of the condominium projects. As it performed its work, European issued a series of invoices to Stonecrest, and was paid by checks drawn on the accounts of the real-estate development companies. After a number of the real-estate developers defaulted on their loans, and the developers' lenders took control of the condominium projects, Stonecrest ceased its involvement in the projects on which European was working. Though European was able to obtain partial payment on its invoices through construction liens, it apparently did not receive full payment for its countertop delivery and installation.

To recoup its expenses, European sued the Stonecrest defendants in the Macomb Circuit Court, and demanded payment. Specifically, it alleged that Stonecrest: (1) received money from the real-estate developers intended for payment to building-trade contractors like European; and (2) failed to hold this money in trust, as it was required to do under the MBTFA, for European and other building-trade contractors and suppliers. The Stonecrest defendants responded that Stonecrest merely acted as a manager and agent for the real-estate developers at the various construction projects, and that it never received funds intended to pay building-trade contractors.

-5-

Both parties initially moved for summary disposition, which the trial court denied. The court instead held an exhaustive evidentiary hearing, at which it heard testimony from, among others: (1) Richard Sable; (2) European's owner; and (3) multiple employees of both Stonecrest and European.[1] From this testimony, and its examination of financial records and other documents, the court concluded that Stonecrest never received any funds from the lenders or real-estate developers that were intended for dispersal to the building-trade contractors, and instead merely received funds for provision of its own services and to cover its own expenses.[2]

As such, the court held that European's claim that Stonecrest violated the MBTFA had no merit, because Stonecrest never received any funds on behalf of European and did not misappropriate such funds. The court further noted that Stonecrest's actions supported its contention that it was an agent and manager for the real-estate developers: after the real-estate developers defaulted on their loans, and the lenders took control of the condominium projects, Stonecrest's involvement in the projects ceased.

On appeal, European argues that the trial court erred when it: (1) held that Stonecrest was not a contractor subject to the requirements of the MBTFA; and (2) denied European's motion to amend its complaint to allege that Stonecrest committed fraud. The Stonecrest defendants ask us to uphold the ruling of the trial court.

## II. STANDARD OF REVIEW

We review the trial court's findings of fact for clear error. *Waisanen v Superior Twp*, 305 Mich App 719, 723; 854 NW2d 213 (2014). "A finding is clearly erroneous if there is no evidentiary support for it or if this Court is left with a definite and firm conviction that a mistake has been made." *Charles A Murray Trust v Futrell*, 303 Mich App 28, 50; 840 NW2d 775 (2013) (citation and internal quotations omitted). The trial court's conclusions of law are reviewed de novo,[3] as are issues of statutory interpretation. *Waisanen*, 305 Mich App at 723.

---

[1] During the evidentiary hearing, European moved to amend its pleadings to include a count of common-law fraud, which it claimed was exposed through Sable's testimony. The trial court denied this motion in its final judgment, on the grounds that amendment of European's complaint would be futile.

[2] Specifically, the court found that:

> Each property owner borrowed money for its respective development and received all of the construction draws. Stonecrest Building handled construction management, sales and some administrative matters for the owners of each development. Stonecrest Building did not receive any funds from loans or investors but from the property owners and was only paid for providing its own services and covering its own expenses.

[3] *Scholma v Ottawa Co Rd Comm*, 303 Mich App 12, 16; 840 NW2d 186 (2013).

A trial court's decision to grant or deny leave to amend a pleading is reviewed for an abuse of discretion. *Boylan v Fifty Eight LLC*, 289 Mich App 709, 727; 808 NW2d 277 (2010). An abuse of discretion occurs if the trial court chooses an outcome outside the range of reasonable and principled outcomes. *Id.*

## III. ANALYSIS

## A. THE MBTFA

The primary goal of statutory interpretation is "to give effect to the intent of the Legislature by focusing on the statute's plain language." *Speicher v Columbia Twp Bd of Trustees*, 497 Mich 125, 134; 860 NW2d 51 (2014). When it interprets a statute, a court considers "both the plain meaning of the critical word or phrase as well as its placement and purpose in the statutory scheme." *Id*. "A court must give effect to every word, phrase, and clause, and avoid an interpretation that renders any part of a statute nugatory or surplusage." *Lee v Smith*, ___ Mich App ___, ___; ___ NW2d ___ (2015); slip op at 1.

Section 1 of the MBTFA provides:

> In the building construction industry, the building contract fund paid by any person to a contractor, or by such person or contractor to a subcontractor, shall be considered by this act to be a trust fund, for the benefit of the person making the payment, contractors, laborers, subcontractors or materialmen, and the contractor or subcontractor shall be considered the trustee of all funds so paid to him for building construction purposes. [MCL 570.151.]

"The MBTFA is a penal statute, but the Michigan Supreme Court has recognized that a civil cause of action may be brought for its violation." *BC Tile & Marble Co, Inc v Multi Bldg Co, Inc*, 288 Mich App 576, 584; 794 NW2d 76 (2010). To establish a claim under the MBTFA, a party must demonstrate:

> (1) that the defendant is a contractor or subcontractor engaged in the building construction industry, (2) that the defendant was paid for labor or materials provided on a construction project, (3) that the defendant retained or used those funds, or any part of those funds, (4) that the funds were retained for any purpose other than to first pay laborers, subcontractors, and materialmen, and (5) that the laborers, subcontractors and materialmen were engaged by the defendant to perform labor or furnish material for the specific construction project. [*Livonia Bldg Materials Co v Harrison Constr Co*, 276 Mich App 514, 519; 742 NW2d 140 (2007).]

Accordingly, to be liable under the MBTFA, a party must be paid money for "labor and materials provided on a construction project"—i.e., the work of its "laborers, subcontractors, and materialmen"—and then retain those funds instead of disbursing them to these groups and individuals. *Id*.

Here, the trial court specifically found that Stonecrest was not "paid money for labor and materials provided on a construction project" that was intended for disbursement to other

-7-

"laborers, subcontractors, and materialmen."[4]  *Id*.  Rather, Stonecrest received payment from the real-estate developers only for the provision of *its* services and to cover *its* expenses—a financial arrangement consistent with the Stonecrest defendants' assertions that Stonecrest acted as an on-site manager and agent of the real-estate developers in their dealings with the building-trade managers.[5]  The trial court further held that the real-estate developers paid European *directly*, and did not channel funds to European through Stonecrest.  On the basis of these findings—and European has provided no substantive evidence to show that these findings are clearly mistaken[6]—the trial court correctly concluded that the Stonecrest defendants did not violate the MBTFA.[7]  *Id*.

### B.  AMENDMENT OF EUROPEAN'S COMPLAINT

A party may amend a pleading by right within 14 days after being served with a responsive pleading, or within 14 days after serving the pleading if a responsive pleading is not required.  MCR 2.118(A).  Outside of this timeframe, a party may not amend a pleading unless the court grants leave to do so, or the adverse party consents in writing.  MCR 2.118(A)(2).  "Ordinarily, a motion to amend a complaint should be granted unless the amendment would be futile."  *Sanders v Perfecting Church*, 303 Mich App 1, 9; 840 NW2d 401 (2013).

---

[4] Despite the protestations of the Stonecrest defendants, it is obvious that Stonecrest served as a "contractor . . . engaged in the building construction industry," because it contracted with European to provide and install countertops at three condominium projects.  *Livonia Bldg Materials Co*, 276 Mich App at 519.  As such, the purchase order between European and Stonecrest designated Stonecrest as a "contractor," as did some portions of an addendum explaining the policies and procedures for working on the condominium sites.  However, as discussed above, the fact that Stonecrest is a "contractor" within the meaning of the MBTFA is irrelevant, because it never received any funds for further disbursement to "laborers, subcontractors, and materialmen."  *Id*.

[5] Contrary to European's assertions, the fact that the real-estate developers used construction draws from their financing to direct payment to Stonecrest does not establish that Stonecrest received monies intended for European or any other trade contractor.  The MBTFA "does not impose a trust upon funds held by the owner."  *Renshaw v Samuels*, 117 Mich App 649, 661; 324 NW2d 117 (1982).

[6] *Charles A Murray Trust,* 303 Mich at 50.

[7] Likewise, the fact that Stonecrest did not receive funds for further disbursement fatally undermines European's claim that the Stonecrest defendants committed fraud under MCL 570.152 and 570.153.  If Stonecrest only received payment for its own services, and did not receive funds for further disbursement to building trade contractors, it is impossible for Stonecrest to have: (1) received money subject to the MBTFA, or (2) committed fraud under that statute.

"The elements of fraud are: (1) that the charged party made a material representation; (2) that it was false; (3) that when he or she made it he or she knew it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he or she made it with the intention that it should be acted upon by the other party; (5) that the other party acted in reliance upon it; and (6) that the other party thereby suffered injury." *City of Novi v Robert Adell Children's Funded Trust*, 473 Mich 242, 253 n 8; 701 NW2d 144 (2005). Claims of fraud must be pleaded with specificity. *Huron Tool & Engineering Co v Precision Consulting Servs, Inc*, 209 Mich App 365, 375 n 3; 532 NW2d 541 (1995).

Here, European moved to amend its complaint to add an allegation of common-law fraud against the Stonecrest defendants—on the basis that violation of the MBTFA constitutes fraud. This proposed amendment is problematic for two reasons. First, common-law fraud is a separate and distinct cause of action from statutory fraud: one cannot be assumed merely from the supposed existence of the other. See *Rzepka v Farm Estates, Inc*, 83 Mich App 702, 711; 269 NW2d 270 (1978). Second, once again, the trial court found that the Stonecrest defendants did not violate the MBTFA, for the reasons explained above. If the Stonecrest defendants did not violate the MBTFA, it is impossible for them to have "defrauded" European through violation of the MBFTA, and amendment of European's complaint to add such a count would be futile, as the trial court correctly held.

In sum, European's appeal is largely a meritless demand that asks our Court to refind facts European finds unappealing. The trial court properly handled the disposition of this case and conducted a thorough evidentiary hearing that provided a basis for its factual findings. It did not clearly err in so doing, and European's claims to the contrary are unavailing. *Charles A Murray Trust,* 303 Mich at 50.

Affirmed.


/s/ Karen M. Fort Hood
/s/ Henry William Saad
/s/ Michael J. Riordan